IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN PACINI and GARY FERNANDES<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC at al.,<br><br>Defendants. | No. C 12-04606 SI<br><br>**ORDER SETTING SCHEDULE FOR ADDITIONAL BRIEFING RE: NATIONSTAR'S MOTION TO DISMISS; CONTINUING HEARING** |

On November 2, 2012, defendant Nationstar Mortgage, LLC ("Nationstar") filed a motion to dismiss plaintiffs' first amended complaint ("FAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have filed an opposition but Nationstar has not filed a reply. The matter is currently set for a hearing on January 18, 2013.

Plaintiffs' FAC asserts six causes of action under California law: breach of the implied covenant of good faith and fair dealing; violation of California Civil Code § 2924 *et seq.*; reformation of contract; invasion of privacy – false light; negligent misrepresentation; and unfair competition in violation of California Business and Professions Code § 17200 *et seq.* FAC ¶¶ 31-70. Plaintiffs are the owners of two properties, one in Martinez, California, and the other in Byron, California. *Id.* ¶ 5. ¶ 11. Plaintiffs' FAC is imprecise in alleging the details of the chain of title to these properties.[1] As best the Court can glean from the FAC, plaintiffs' mortgages were originally serviced by Aurora Loan Services, LLC ("Aurora"), and in approximately "June or July of 2012," Nationstar "acquired all interest and all liabilities in Plaintiffs' loan as the successor in interest" to

---

[1] In support of its motion, Nationstar also submits a request for judicial notice of certain documents that detail the chain of ownership of these properties. *See* Dkts. 15, 16. However, as discussed herein, the Court reserves judgment on whether it may take judicial notice of this material.

Aurora. *Id.* Elsewhere plaintiffs allege that Nationstar is "the current servicer and/or holder of Plaintiffs' Notes" securing both properties, and that Nationstar became a "party to the Promissory Notes and Deeds of Trust by way of acquiring all of Aurora Loan Services, LLC's mortgage servicing rights." *Id.* ¶¶ 5, 33. Moreover, plaintiffs allege that Nationstar "inherited any and all violations or liability of their predecessors-in-interest," and that as successor-in-interest, Nationstar was at all times "acting within the course and scope of such agency, employment, partnership, and/or concert of action." *Id.* ¶ 9. Plaintiffs attach no relevant documentation, such as the mortgage note, the deed or trust, or any document evidencing the circumstances of the transfer of either the note or deed to Nationstar, except that plaintiffs quote from "Section 12 of the Deeds of Trusts" in detailing their cause of action for reformation of contract. *Id.* ¶ 49.

The core allegation underlying plaintiffs' six causes of action is that when plaintiffs sought to modify their loans, Nationstar repeatedly told plaintiffs that they would need to stop making their mortgage payments in order to apply for loan modifications. *Id.* ¶¶ 35, 44, 50, 55, 60, 64-68. First, in mid-2010, "Defendant's representative[s]" told plaintiffs that they could not apply for loan modifications unless plaintiffs first ceased making mortgage payments. *Id.* ¶¶ 13-14. Plaintiffs ceased making payments, applied for, and were approved for loan modifications in December 2010. *Id.* ¶ 16. Thereafter, around October 2011, plaintiffs again sought additional loan modifications, and were again told that in order to apply for loan modifications, they would need to stop making their mortgage payments. *Id.* ¶¶ 18-19. However, plaintiffs allege that prior to making the second application, "defendant's representative" told plaintiffs that applying for additional load modifications was "futile" because their credit score was too low. *Id.* ¶ 21. In essence, plaintiffs allege that Nationstar "specifically instructed" plaintiffs to not pay their mortgage in order to "engineer a default." *Id.* ¶ 35, 50.

As a threshold matter, Nationstar argues that plaintiffs have not satisfied Federal Rule of Civil Procedure 8, to the extent that plaintiffs allege that Nationstar is the "successor-in-interest" to Aurora. Plaintiffs' FAC concedes that Nationstar was not involved in plaintiffs' loans at the time the facts underlying the core allegation about inducement to default occurred. Nevertheless, the FAC repeatedly refers to Nationstar, not Aurora, as the party who engineered plaintiffs' default.

2

More important, neither party has sufficiently addressed whether California law requires a successor-in-interest to assume legal liabilities of the predecessor and what allegations would suffice in a complaint to adequately plead successor liability. Nationstar suggests that successor liability exists only in the narrow context of products liability. Mot. at 6. Plaintiffs respond that whether Nationstar is subject to successor liability is a question of fact inappropriate for disposition on a 12(b)(6) motion. The Court disagrees in part. While the precise relationship between Nationstar and Aurora may be a question of fact, the sufficiency of plaintiffs' FAC allegations regarding that relationship, and how California law would treat the legal liabilities that flow from that relationship, are questions of law.

Additionally, the parties have not sufficiently addressed Nationstar's request for judicial notice of a series of documents that appear to explain the chain of title for both properties. Dkt. 16. In particular, some of these documents appear to detail the precise nature of the transfer of plaintiffs' loans from Aurora to Nationstar. *See*, *e.g.*, Dkt. 16-11, Ex. K ("Assignment of Deed of Trust"). If admitted on this motion, these documents may impact the Court's view of whether plaintiffs have adequately pled successor liability. Plaintiffs suggest that some of these documents are inadmissible or admissible only as to the undisputed facts contained therein. However, plaintiffs do not detail their opposition, and Nationstar has not filed any reply explaining whether any such facts are contested.

Accordingly, the Court hereby DIRECTS the parties to file sur-replies addressing: (1) whether California law requires a successor-in-interest to assume legal liabilities of the predecessor, including the liability asserted in plaintiffs' FAC; (2) what plaintiffs must plead about the successor-in-interest relationship between Nationstar and Aurora, if any, to survive a challenge under Fed. R. Civ. P. 8 and 12(b)(6); and (3) whether the Court may take judicial notice of the documents submitted in connection with Nationstar's motion to dismiss (Dkt. 16, Exs. A-W), and for what purpose, if any. Nationstar shall file a brief, **not to exceed 20 pages, no later than February 1, 2013**; plaintiffs' reply, **also not to exceed 20 pages, is due no later than February 15, 2013**. The Court hereby CONTINUES the January 18, 2013 hearing on Nationstar's motion to dismiss to

1 | **March 1, 2013, at 9:00 a.m.** The parties' motions to appear by telephone at the January 18, 2013 hearing are DENIED as MOOT. Dkts. 24, 25.

**IT IS SO ORDERED.**

Dated: January 16, 2013

SUSAN ILLSTON
United States District Judge